IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DINA CAPITANI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| GEOFFREY ROEBUCK and | ) **JURY DEMAND** |
| CATHY ROEBUCK, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Dina Capitani ("Ms. Capitani"), by and through her attorneys, file this Complaint for Injunctive Relief and Damages against Defendants Geoffrey Roebuck and Cathy Roebuck, for copyright infringement and breach of contract as follows:

### JURISDICTION AND VENUE

1. This is an action for copyright infringement under the provisions of The Copyright Act of the United States, as amended, 17 U.S.C. § 101, *et seq.* and for breach of contract. This Court has subject matter jurisdiction of the Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and under this Court's supplemental jurisdiction under 28 U.S.C. § 1367. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of costs and interest.

1

2. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the acts giving rise to the claims occurred in this district.

## THE PARTIES

3. Plaintiff is an individual who is a citizen and resident of Nashville, Davidson County, Tennessee, where she is now, and at all times pertinent to this Complaint, an artist who creates original illustrations and commercially exploits her illustrations and copies of them.

4. Defendant Geoffrey Roebuck is an individual who upon information and belief is a citizen of the State of California. Geoffrey Roebuck has participated individually in the manufacture, distribution and sale of the infringing illustrations which are the subject of the Plaintiff's claims.

5. Defendant Cathy Roebuck is an individual who upon information and belief is a citizen of the State of California. Cathy Roebuck has participated individually in the manufacture, distribution and sale of the infringing illustrations which are the subject of the Plaintiff's claims.

6. The Court has jurisdiction over each Defendant because Defendants consented to the jurisdiction of this Court pursuant to the terms of the parties' written agreement, the acts alleged herein have occurred and caused injury within the jurisdiction of this Court, and the Defendants' systematic and continuous copyright infringement of Plaintiff's illustrations throughout the World.

## THE PLAINTIFF'S ILLUSTRATIONS

7. Ms. Capitani created and is therefore the author of original illustrations of dog breeds which are included in a volume of work titled "Doggie Doodles by Dina Volume II."

8. Ms. Capitani has complied in all respects with the Copyright Act of the United States. Before she filed this Complaint, Ms. Capitani filed her application to register the copyright in "Doggie Doodles by Dina Volume II" with the United States Copyright Office, which registered the copyright on August 29, 2011. A copy of Certificate of Registration is attached to this Complaint as **Exhibit 1**.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about July 28, 2011, Ms. Capitani entered into an agreement (the "Licensing Agreement") with Defendants by the terms of which Ms. Capitani agreed to provide Defendants with copies twenty-nine (29) of Ms. Capitani's original illustrations from Doggie Doodles by Dina Volume II for Defendants to use on their products for a term of three (3) years from August 1, 2011 until August 1, 2014. A true and correct copy of the Licensing Agreement is attached to this Complaint as **Exhibit 2**.

10. On or about September 27, 2011, the parties agreed to amend their Licensing Agreement to permit Defendants to license twenty-five (25) additional original illustrations from Plaintiff's Doggie Doodles by Dina Volume II to use on Defendants' products for the duration of the original Licensing Agreement. A true and correct copy of the Amendment to Licensing Agreement ("Amendment") is attached to this Complaint as **Exhibit 3**. Pursuant to his email dated September 27, 2011 (attached hereto as **Exhibit 4**), Defendant Geoffrey Roebuck agreed that the terms of the parties' Licensing Agreement would apply to the twenty-five (25) additional illustrations.

11. Pursuant to the terms of the Licensing Agreement and Amendment, Ms. Capitani delivered copies of fifty-four (54) original drawings from Plaintiff's Doggie Doodles by Dina Volume II (the "Subject Works") to Defendants.

12. Pursuant to the terms of the Licensing Agreement, Ms. Capitani retained ownership of her copyright in the "Subject Works." *See* Licensing Agreement, ¶ 5.1.

13. Pursuant to the terms of the Licensing Agreement, Defendants agreed not to reproduce, copy, modify or make derivative works from the Subject Works beyond the terms and conditions of the Licensing Agreement without the express written consent of Plaintiff. *See* Licensing Agreement, ¶ 1.1.

14. Pursuant to the terms of the Licensing Agreement, Defendants agreed to pay Ms. Capitani a royalty of 5% of the total price Defendants paid to the factory to produce product bearing the Subject Works ("Gross Revenues"). *See id.* at ¶ 3.2. Defendants further agreed that such payments would be made on a quarterly basis. *See id.* at ¶ 3.3 and 3.4. However, notwithstanding the foregoing, Defendants guaranteed they would pay Ms. Capitani a minimum of $25,000 per contract year for the duration of the three-year Licensing Agreement, which equals a total of $75,000. *See id.* at ¶ 3.6.

15. Pursuant to the terms of the Licensing Agreement, Defendants agreed to provide Ms. Capitani with written royalty reports on a quarterly basis, whether or not a royalty was due. *See id.* at ¶ 3.3.

16. Pursuant to the terms of the Licensing Agreement, Defendants agreed to provide Ms. Capitani two samples of each product bearing the Subject Works at no cost. *See id.* at ¶ 4.4.

17. To date, Defendants have only paid Ms. Capitani approximately $900.00. As a result, Defendants have failed to pay Ms. Capitani the monies that she is entitled to under the Licensing Agreement. In addition, Defendants have failed to provide Ms. Capitani any of the required quarterly royalty reports.

18. Defendants have also failed to provide Ms. Capitani two samples of each product bearing the Subject Works.

19. In addition, upon information and belief, Defendants improperly modified Plaintiff's Subject Works by removing her logo before placing the Subject Works on Defendants' products without Plaintiff's express written consent.

20. Despite Ms. Capitani's numerous requests for Defendants to perform their obligations under the Licensing Agreement, Defendants failed to do so. As a result, Ms. Capitani terminated the Licensing Agreement on May 21, 2014, pursuant to ¶ 8.3 of the Licensing Agreement.

21. Upon information and belief, Defendants have continued to use, reproduce, distribute, promote and offer for sale illegal and unauthorized copies of one or more of Ms. Capitani's Subject Works on Defendants' products beyond the termination of the Licensing Agreement.

22. The natural, probable and foreseeable result of Defendants' wrongful conduct has been and will continue to be to deprive Ms. Capitani of the benefits of selling her Subject Works, to deprive Ms. Capitani of the usual and customary royalties to which she would be entitled if the Subject Works were properly licensed, and to deprive Ms. Capitani of goodwill.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101,** *et seq.*

23. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 22 of this Complaint, as though set forth herein.

24. By continuing to use, copy, reproduce, distribute, promote and offer for sale illegal and unauthorized copies of one or more of Ms. Capitani's Subject Works on Defendants'

products beyond the scope and termination of the Licensing Agreement, Defendants exceeded Plaintiff's grant of rights in Plaintiff's Subject Works, and thereby infringed and will continue to infringe upon Plaintiff's copyright interests in and relating to her Subject Works;

25. By their actions alleged above, Defendants have infringed and will continue to infringe Plaintiff's copyright interests in and relating to her Subject Works by copying, producing, distributing and placing upon the market products which contain Plaintiff's copyrighted works.

26. Plaintiff is entitled to an injunction restraining Defendants, their agents and/or employees, and all persons acting in concert with them, from engaging in any further such acts in violation of copyright laws.

27. Plaintiff is further entitled to recover from Defendants the damages, including attorneys' fees she has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of Defendants' acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by the Plaintiff.

WHEREFORE, Plaintiff Dina Capitani prays for judgment against Defendants Geoffrey Roebuck and Cathy Roebuck as follows:

    a. That the Court finds that Defendants have infringed Plaintiff's copyright interests in Plaintiff's Subject Works;

    b. That the Court finds a substantial likelihood that Defendants will continue to infringe Plaintiff's copyright interests in the Subject Works, unless enjoined from doing so;

    c. That Defendants, their agents, servants, employees and all other persons acting in concert or privity or in participation with them, be enjoined from directly or indirectly infringing

6

Case 3:16-cv-00740   Document 1   Filed 04/14/16   Page 6 of 12 PageID #: 6

Plaintiff's copyrights in the Subject Works or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Subject Works or participate or assist in any such activity;

      d.      That Defendants, their agents, servants, employees and al1 other persons acting in concert or privity or in participation with them, be enjoined to return to Plaintiff any and all originals, copies, facsimiles, or duplicates of the Subject Works in their possession, custody or control;

      e.      That Defendants, their agents, servants, employees and all other persons acting in concert or privity or in participation with them, be enjoined to recall from all distributors, wholesalers, jobbers, dealers, retailers and distributors, and all others known to Defendants, any originals, copies, facsimile, or duplicates of any works shown by the evidence to infringe any copyright in the Subject Works;

      f.      That Defendants be enjoined to deliver upon oath, to be impounded during the pendency of this action and delivered to Plaintiff pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any copyright in the Subject Works;

      g.      The Defendants be required to file with the Court and to serve on the Plaintiff, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order;

      h.      That judgment be entered for Plaintiff and against Defendants for Plaintiff's actual damages according to proof, and for any profits attributable to infringements of Plaintiff's copyrights, in accordance with proof.;

7

Case 3:16-cv-00740   Document 1   Filed 04/14/16   Page 7 of 12 PageID #: 7

i. That judgment be entered for Plaintiff and against Defendants for statutory damages based upon Defendants' acts of infringement pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*;

j. That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law;

k. That all gains, profits and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiff;

l. That Plaintiff have judgment against Defendants for Plaintiff's costs and attorneys' fees; and,

m. That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

**SECOND CLAIM FOR RELIEF**
**WILLFUL COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 504(c)(2)**

28. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 27 of this Complaint, as though set forth herein.

29. By their actions alleged above, Defendants and each of them have knowingly and willfully infringed and will continue to knowingly and willfully infringe Plaintiff's copyright interests in and relating to the Subjects Works by producing, distributing and placing upon the market products which contain Plaintiff's copyrighted Subject Works, while deliberately failing to secure licenses for such uses.

30. Plaintiff is entitled to an injunction restraining Defendants, their agents and employees, and all persons acting in concert with them, from engaging in any further such willful acts in violation of the copyright laws.

31. Plaintiff is further entitled to recover from the Defendants the damages including attorneys' fees she has sustained and will sustain, and any gains, profits and advantages obtained by Defendants are a result of Defendants' acts of willful infringement alleged above, as well as the additional statutory penalties provided for in 17 U.S.C. § 504(c)(2), not to exceed $150,000.00 per infringement per Defendant. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by the Plaintiff.

WHEREFORE, Plaintiff Dina Capitani prays for judgment against Defendants Geoffrey Roebuck and Cathy Roebuck as follows:

a. That the Court finds that the Defendants have willfully infringed Plaintiff's copyright interests in the Subject Works;

b. That the Court find a substantial likelihood that Defendants will continue to willfully infringe Plaintiff's copyright interests in the Subject Works unless enjoined from doing so;

c. That Defendants, their agents, servants, employees and all other persons acting in concert or privity or in participation with them, be enjoined from directly or indirectly willfully infringing Plaintiff's copyrights in the Subject Works or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Subject Works or participate or assist in any such activity;

d. That Defendants, their agents, servants, employees and all other persons acting in concert or privity or in participation with them, be enjoined to deliver to Plaintiff any and all

originals, copies, facsimiles, or duplicates of the Subject Works in their possession, custody or control;

e. That Defendants, their agents, servants, employees and all other persons in act of concert or privity or in participation with them, be enjoined to recall from all distributors, wholesalers, jobbers, dealers, retailers and distributors, and all others known to Defendants, any originals, copies, facsimile, or duplicates of any works shown by the evidence to willfully in fringing any copyright in the Subject Works;

f. That Defendants be enjoined to deliver upon oath, to be impounded during the pendency of this action and delivered to Plaintiff pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to the willful in infringement of any copyright in the Subject Works;

g. That Defendants be required to file with the Court and to serve on Plaintiff, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and from in which Defendants have complied with the Court's order;

h. That judgment be entered for Plaintiff and against Defendants for Plaintiff's actual damages according to proof, and for any profits attributable to willful infringements of Plaintiff's copyrights, in accordance with proof;

i. That judgment be entered for Plaintiff and against Defendants for statutory damages based upon Defendants' willful acts of infringement, pursuant to the Copyright Act of 1976, 17 U S.C.; § 101 *et seq.*, including statutory penalties for willful infringement provided for in 17 U.S C. § 504(e)(2), not to exceed $150,000 per infringement per Defendant;

j. That Defendants be required to account for all gains, profits, and advantages derived from their willful acts of infringement and for their other violations of law;

10

Case 3:16-cv-00740   Document 1   Filed 04/14/16   Page 10 of 12 PageID #: 10

k.  That all gains, profits and advantages derived by Defendants from their acts of willful infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiffs;

l.  That Plaintiff have judgment against Defendants for Plaintiff's costs and attorneys' fees; and,

m.  That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

## THIRD CLAIM FOR RELIEF
## BREACH OF CONTRACT

32.  Plaintiff realleges each and every allegation set forth in paragraphs 1 through 31 of this Complaint, as though set forth herein.

33.  Plaintiff fully performed all of her obligations under the terms of the Licensing Agreement and Defendants accepted her performance.

34.  Defendants breached the Licensing Agreement by:

a.  failing to pay Plaintiff royalties or $75,000 (whichever amount is greater) for the use of her Subject Works;

b.  failing to make quarterly royalty reports to Plaintiff;

c.  failing to provide Plaintiff two samples of each product bearing the Subject Works; and,

d.  improperly modifying Plaintiff's Subject Works by removing her logo before placing the Subject Works on Defendants' products without Plaintiff's express written consent.

11

35. The Plaintiff has been damaged by Defendants' breach of the Licensing Agreement.

WHEREFORE, Plaintiff Dina Capitani prays for judgment against Defendants Geoffrey Roebuck and Cathy Roebuck as follows:

a. That the Court find that Defendants have breached the Licensing Agreement;

b. That judgment be entered for Plaintiff and against Defendants for the amount of royalties owed to Plaintiff or $75,000 (whichever is greater);

c. That Defendants be required to provide Plaintiff with quarterly royalty reports;

d. That Defendants be required to provide Plaintiff with two samples of each product bearing Plaintiff's Subject Works; and

e. That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues triable to a jury.

DICKINSON WRIGHT PLLC

By: /s/ Autumn L. Gentry
Autumn L. Gentry, #20766
R. Cameron Caldwell, #29084
424 Church Street, Suite 1401
Nashville, Tennessee 37219
Phone: (615) 244-6538
Fax: (615) 256-8386
agentry@dickinsonwright.com
ccaldwell@dickinson-wright.com

Attorneys for Plaintiff Dina Capitani

NASHVILLE 99997-1358 544305v1